UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN BRAY,

      Plaintiff,

v.                              Case No:  2:12-cv-282-FtM-38UAM

PAETEC COMMUNICATIONS, INC.
and WINDSTREAM
COMMUNICATIONS, INC.,

      Defendants.

_____/

## ORDER[1]

This matter comes before the Court on Defendants' Motion for Summary Judgment with Incorporated Memorandum of Law (Doc. #39) filed on November 27, 2013. Defendants filed a Statement of Undisputed Material Facts and accompany exhibits. (Doc. #40). Plaintiff responded in opposition (Doc. #42) on December 19, 2013. Thereafter on December 20, 2013, Plaintiff supplemented his response in opposition. (Doc. #44). This matter is now ripe for review.

### Background

On May 21, 2012, Plaintiff filed a two count complaint against Defendants for age discrimination and retaliation. (Doc. #1). Plaintiff broadly alleges Defendants discriminated and retaliated against him pursuant to the Age Discrimination in

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Employment Act of 1967 (hereinafter "ADEA"), the Civil Rights Act of 1991, and Chapter 760 of the Florida Statutes, and Florida common law. (Doc. #1). Defendants have only filed this motion for summary judgment to the extent Plaintiff brings the age discrimination and retaliation claim pursuant to the ADEA. (See Doc. #39). Accordingly, the Court will now only address the facts and issues in relation to the ADEA.

Plaintiff Steven Bray was an employee of Defendant Paetec Communications, Inc. (hereinafter "PAETEC") a company that was in the business of providing and managing voice and data networking communications to businesses and individuals. (Doc. #40-19, ¶¶3, 5). As an employee of PAETEC Bray served as an account executive. (Doc. #40-1, at 9). In this role, Bray received a salary for selling PAETEC products. (Doc. #40-19, ¶7). On or about June 1, 2005, Bray was promoted to a senior account executive position. (Doc. #40-19, ¶5; Doc. #40-1, at 9). On February 24, 2008, however, Bray voluntarily returned to his role as an account executive. (Doc. #40-1, at 9; Doc. #40-2, at 1). In this preferred account executive role, Bray was required to meet sales quotas and commission goals. (Doc. #40-19, ¶7). In certain transactions, PAETEC account executives shared their commissions with PAETEC senior account executives. (Doc. #40-16, at 13).

In September 2008, Thomas Kauth became the Fort Myers Sales Manager and accordingly became Bray's direct supervisor. (Doc. #40, ¶10; Doc. #40-2, at 1). As Bray's direct supervisor, Kauth evaluated Bray's performance. Kauth evaluated Bray to be "Below Targets and Expectations" in several areas of Bray's job performance in August 28, 2009 and March 11, 2010. (Doc. #40-11; Doc. #40-12). These areas included appointment setting, funnel development, proposal generation, quota attainment, and

sales activity. (Doc. #40-11; Doc. #40-12). In addition, on March 11, 2010, Bray self-evaluated himself to be "Below Targets and Expectations" in several areas of his job performance. (Doc. #40-12).

Jim Robles served as PAETEC's Regional Vice President of Sales. (Doc. #40-3, at 1). Robles oversaw the Fort Myers office when Kauth left PAETEC and before a new Fort Myers Sales Manager was hired. (Doc. #40-3, at 1). On July 12, 2010, Robles placed Bray on a Performance Improvement Plan (hereinafter "PIP"). (Doc. #40-13). This PIP explained Bray had only obtained 17% of the sales quota during January 2010 to June 2010. (Doc. #40-13). That is, Bray's job performance produced $3,055.08 in sales instead of the expected $18,000. (Doc. #40-13). Robles specifically outlined Bray's performance expectations and cautioned to Bray that he could be terminated if his work performance did not improve and sustain improvement. (Doc. #40-13).

Brad Ranson became the new Fort Myers Sales Manager and consequently managed Bray's job performance progress pursuant to PIP. (Doc. #40-16, at 9). Ranson met with Bray to discuss Bray's sales progress on July 30, 2010. (Doc. #40-14). Although Ranson recognized Bray attempted to improve his performance by making more appointments with potential clients, Bray did not sell any products in the month of July. (Doc. #40-14). Bray also met with Ranson on August 13, 2010. (Doc. #40-15). In this meeting Ranson again recognized Bray attempted to improve his performance by proactively calling potential clients, however, Bray again did not make any new sales. (Doc. #40-15). Bray and Ranson met again on August 31, 2010. (Doc. #40-21). In this meeting, Ranson recognized Bray attempted to improve his performance by proactively calling potential clients, following up with the potential clients, and making two sales. (Doc.

3

#40-21). Bray specifically closed a $519 and $7816 sale. (Doc. #40-21). Ranson, however, noted Bray needed to close other outstanding business. (Doc. #40-21).

On September 16, 2010, Ranson terminated Bray's employment. (Doc. #40-4, at 4). Bray was 49 years old when he was terminated. (Doc. #40-4, at 5). Ranson hired an individual who was 42 years old to replace Bray. (Doc. #40-16, at 15).[2] Thereafter, on December 1, 2011, Defendant PAETEC was acquired by Defendant Windstream Communications. (Doc. #40-19, ¶3).

### Standard

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, an issue is material if it may affect the outcome of the suit under governing law. Id.

The moving party bears the burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party. Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999). Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial

---

[2] Defendant concedes that PAETEC replaced Plaintiff with an individual who was 42 years old without citing definitively to the record. (Doc. #40, ¶28 (citing Doc. #40-16, at 15)). The Court accepts this as true in relation to this motion for summary judgment because this factor weighs in favor of the non-moving party.

that precludes summary judgment. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial." Demyan v. Sun Life Assurance Co. of Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)). Failure to show sufficient evidence of any essential element is fatal to the claim and the Court should grant the summary judgment. Celotex, 477 U.S. at 322-23. Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied. Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**Discussion**

I.      Age Discrimination

Pursuant to the ADEA, employers cannot lawfully "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual age." 29 U.S.C. § 623(a)(1). The ADEA applies to individuals who are at least 40 years old. 29 U.S.C. § 631(a). When a plaintiff alleges disparate treatment such as termination of employment, liability depends on whether the plaintiff's age actually motivated the employer's decision. Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993). Accordingly, the age of the plaintiff must have actually played a role in the employer's decision making process and had a

determinative influence on the outcome. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141 (2000) (citing Hazen, 507 U.S. at 610).

The Eleventh Circuit Court of Appeals applies the *McDonnell-Douglas* framework when analyzing ADEA claims based upon circumstantial evidence. Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1432 (11th Cir. 1998), cert. denied, 525 U.S. 962 (1998); Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000). Therefore, in order to succeed on an ADEA claim, a plaintiff must first establish a *prima facie* case of discrimination. Turlington, 135 F.3d at 1432. An ADEA age discrimination *prima facie* case is established if the plaintiff shows he was a member of the protected age group, was subjected to an adverse employment action, was qualified for the job, and was replaced by or otherwise lost a position to a younger individual. Chapman, 229 F.3d at 1024. If the plaintiff is able to establish the *prima facie* case then thereafter, the defendant is provided a chance to state a legitimate nondiscriminatory reason for its action. Turlington, 135 F.3d at 1432. The defendant is not required to persuade the court that it was actually motivated by the proffered legitimate nondiscriminatory reason. McDonald v. Glades Elec. Co-Op, No. 2:08-cv-179-FtM-29SPC, 2011 WL 2981685 at *3 (citing Chapman, 229 F.3d at 1024). If the defendant provides at least one legitimate nondiscriminatory reason, then the plaintiff must establish through evidence that the employer's reason is merely a pretext to disguise unlawful discrimination. Turlington, 135 F.3d at 1432.

Here, Bray was 49 years old when he was terminated from his job and Bray was replaced by a younger individual. Defendants do not dispute Bray was qualified for his

6

job.[3] Instead, Defendants contend since Bray was 49 years old at the time of his termination and he was replaced by a 42 year old there was no substantial age difference in the individuals and therefore Bray failed to establish a *prima facie* case. The Court finds this argument to be unpersuasive. Courts within this circuit have found smaller differences in age to be enough to establish that an employee was replaced by a younger individual. For example, the Eleventh Circuit has found an employee replacement who was only three years younger than the previous employee was sufficient to establish a *prima facie* case. Carter v. DecisionOne Corp., 122 F.3d 997, 1003-04 (11th Cir. 1997); see also Damon v. Fleming Supermarkets of Florida, Inc., 196 F.3d 1354, 1360 (11th Cir. 1999) (finding that a five year age difference between the plaintiff and the replacement employee was enough to satisfy the younger replacement requirement). Here, Bray has established the individual hired to replace him was younger than him. Accordingly, a *prima facie* case of age discrimination pursuant to the ADEA has been established.

The Court will now turn to Defendants' proffered legitimate nondiscriminatory reason for terminating Bray. Defendants submit that the decision to terminate Bray was based on the realization that Bray was not going to meet his sales quota again. Defendants support this contention by demonstrating Ranson discussed Bray's job performance problems with Bray, discussed PAETEC's employee expectations, encouraged Bray to make additional sales, assisted Bray with making his later sales, and warned Bray that an adverse action would occur if his job performance did not sustain improvement. Bray failed to reach the employee expectations. The Court finds the fact

---

[3] The Court recognizes in age discrimination cases where a plaintiff has enjoyed a long tenure at a certain position, the court can infer that he is qualified to hold that particular position. Damon v. Fleming Supermarkets of Florida, Inc., 196 F.3d 1354, 1360 (11th Cir. 1999).

that Bray was not going to meet his sales quota again to be a legitimate nondiscriminatory reason to terminate an employee. Brown v. Lassiter-Ware, Inc., No. 6:11-cv-1074-Orl-36DAB, 2013 WL 4456546 at *9 (M.D. Fla. Aug. 16, 2013) (the plaintiff was required to demonstrate pretext after defendant provided a legitimate reason that the plaintiff was terminated because he was not fulfilling his sales goals); Rosenwasser v. All Scripts Healthcare, LLC, No. 11-80493-Civ, 2012 WL 3639057 at *4 (S.D. Fla. Aug. 24, 2012) (finding a legitimate nondiscriminatory reason to terminate the plaintiff because the plaintiff failed to make sales in the previous months and the plaintiff's sales future was weak). Therefore, Defendants are entitled to summary judgment unless Bray presents evidence creating a genuine issue of material fact regarding whether Defendants stated reason was a mere pretext for discrimination. Chapman, 229 F.3d 1024-25.

Bray provides a few arguments to contest the legitimacy of Defendants' proffered legitimate nondiscriminatory reason for his termination. First Bray contends Robles who at the time of the termination was 42 years old was an "antagonist" to him because Robles placed Bray on PIP.[4] Second, Bray contends since Robles was seven years younger than Bray at the time of Bray's termination, age was a critical factor in this termination. Third, Bray contends PAETEC did not have a basis for placing him on PIP.[5] Fourth, Bray contends there were younger individuals that worked at PAETEC. Fifth, Bray contends Robles made discriminatory remarks.

---

[4] Plaintiff makes a contradictory argument that Robles forced Ranson to place him on PIP. (Doc. #42). Upon review of the record, the Court finds Robles, not Ranson, placed Plaintiff on PIP. (Doc. #40-13).

[5] Plaintiff argues a poor economy, not having access to proper technology, and not having staff support were the reasons why his sales were not meeting the PAETEC standard. These reasons, however, do not support the contention that PAETEC did not have a basis for placing him on PIP.

The Court finds Bray's arguments to be unpersuasive and misplaced. First, Bray points to no evidence showing Robles was an antagonist and Robles' younger age in comparison to Bray alone does not make age a critical factor in this matter. See Holifield v. Reno, 115 F.3d 1555, 1565 (11th Cir. 1997) ("The inquiry into pretext centers upon the employer's beliefs, and not the employee's own perceptions of his performance."). In fact, Robles was a member of the protected class as well. Thus, Bray's task of showing that age was the reason for his termination is even harder. Ehrhardt v. Haddad Restaurant Group, Inc., 443 Fed. Appx. 452, 456 (11th Cir. 2011) (citing Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1471 (11th Cir 1991)). Without showing anything more Robles' age is immaterial to this matter. Moreover, the fact that PAETEC retained younger employees does not support an inference of discriminatory intent considering PAETEC also retained other employees well over the age of 40. Mitchell v. City of LaFayette, 504 Fed.Appx. 867, 871 (11th Cir. 2013) (citing Smith v. Smith Lanier & Co., 352 F.3d 1342, 1344 (11th Cir. 2003)).

In addition, Robles did not terminate Plaintiff. Instead, after reviewing Bray's performance and finding he had not met the job expectations for at least six consecutive months, Robles only placed him on a PIP plan. Bray's failure to comply with the job expectations gave Robles a reasonable basis for placing Robles on a PIP plan. Vahey v. Philips Electronics North America Corp., 461 Fed.Appx. 873, 875 (11th Cir. 2012) (finding that because the facts and circumstances would motivate a reasonable employer to terminate the plaintiff, the plaintiff must then rebut the defendant's proffered reason head on). Thereafter, Ranson supervised Bray's progress on the PIP plan and ultimately terminated Bray after a few months upon the realization that Bray's job performance was

9

not sustaining an improvement. Based upon the undisputed fact that Bray was not meeting the job expectations for several months, placing Bray on the PIP was not an antagonistic or unreasonable action by Robles and neither was Ranson's decision to ultimately terminate Bray. Importantly, the Court finds these arguments do not negate the proffered reason for termination head on and therefore Bray's arguments are misplaced. That is, as attempted here a plaintiff may not establish that a defendant's proffered reason is merely pretext by questioning the wisdom of the employer's reason. Aldabblan v. Festive Pizza, Ltd., 380 F.Supp.2d 1345, 1353 (S.D. Fla. 2005) (citing Combs v. Plantation Patterns, 106 F.3d 1519, 1543 (11th Cir. 1997), cert. denied, 522 U.S. 1045 (1998); Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1361 (11th Cir. 1999), cert. denied, 529 U.S. 1109 (2000)).

Nevertheless, Bray also contends discriminatory remarks were made and that he felt discriminated against because of his age. (Doc. #40-6, at 3). Bray's feelings of being discriminated against because of his age by a PAETEC employee, specifically by an administrative assistant to the account executives, is insufficient to support the contention that Defendants' proffered reason for terminating him is merely pretext. See generally, Holifield v. Reno, 115 F.3d 1555, 1564 (11th Cir. 1997) (a plaintiff's feeling of being discriminated against is not enough to establish a case of discrimination). In addition, the alleged remarks that "Steve has lost the fire in his belly," and "Mr. Bray would be out of here by the end of the year," again even when accepted as true do not show that the proffered reason to terminate Bray is merely pretext. (See Doc. #40-20, at 11). These statements illustrate Bray's decline in job performance and the forewarned ramification of

Bray's consistent failure to meet the PAETEC expectation. These statements do not however show that the proffered reason for terminating Bray is merely pretext.

Bray has not shown Defendants' proffered reason for terminating him was merely a pretext for age discrimination. Bray's mere belief, speculations, and conclusory statements are insufficient to withstand summary judgment. Aldabblan, 380 F.Supp.2d at 1353 (citing Coutu v. Martin County Bd. of County Comm'rs, 47 F.3d 1068, 1073-74 (11th Cir. 1995)). Accordingly, Defendants are entitled to summary judgment on Bray's claim of age discrimination pursuant to the ADEA.

II.   Retaliation

Bray's second claim is a retaliation claim. An ADEA retaliation *prima facie* case is established if the plaintiff shows he engaged in statutorily protected conduct, he suffered an adverse employment action, and there was some causal relation between the statutorily protected conduct and the adverse employment action. Alvarez v. Royal Atlantic Developers, Inc., 610 F.3d 1253, 1268 (11th Cir. 2010); Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1277 (11th Cir. 2008). An adverse employment action in the retaliation context is one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). The causal link is also construed broadly. Therefore, "a plaintiff merely has to prove the protected activity and the negative employment action are not completely unrelated." Goldsmith, 513 F.3d at 1278. The decision maker must have been aware of the protected activity at the time of the adverse employment action. Brungart v. BellSouth Telecomms., Inc., 231 F.3d 791, 799 (11th Cir. 2000), cert. denied, 532 U.S. 1037 (2001).

If the plaintiff is able to establish the *prima facie* case, then thereafter the defendant has the chance to state a legitimate non-retaliatory reason for its action. Haugarook v. Cason, 518 Fed. Appx. 803, 807 (11th Cir. 2013). If the defendant provides at least one non-retaliatory reason, then the plaintiff must establish the proffered reason is merely a pretext for unlawful retaliation. Anderson v. Shinkseki, No. 8:11-CV-1507-T-TGW, 2013 WL 5499608, at *1 (M.D. Fla. Oct. 2, 2013) (citing Clark v. Huntsville City Bd. of Educ., 717 F.2d 525, 529 (11th Cir. 1983)).

Here, Bray has failed to establish a *prima facie* case. Bray clearly established he was terminated from his employment with PAETEC. Bray however has failed to establish through evidence that he engaged in protected activity and that this protected activity causally related to his termination.[6]

There is evidence that Bray wished to have his attorney speak to PAETEC but PAETEC refused to speak to his attorney. (Doc. #40-16, at 19-20). There is no connection, however, to how Defendants refusal to speak to Bray's attorney supports an age retaliation claim. Accordingly, the Court finds this instance to be insufficient to support a retaliation claim pursuant to the ADEA. See Lennon v. Unumprovident Corp., No. 1:06-CV-257, 2008 WL 112050, at *4 (E.D. Tenn. 2008) ("There is no evidence before the Court Defendant's refusal to speak with Plaintiff's attorney was due to discriminatory intent based upon Plaintiff's age or gender, and thus this event is insufficient to support a discrimination claim.").

---

[6] Plaintiff attempts to cite to the record in one instance but fails to cite to a real page in the record. (See Doc. #42, at 16).

The Court is aware that some of Bray's co-workers such as Courtney Maxberry allegedly harassed him while at work. (Doc. #40-4, at 5). Bray, however, admits co-workers like Maxberry were not in superior employment roles at PAETEC where they could hire or fire him. (Doc. #40-4, at 5; Doc. #40-5, at 3). For example, according to Plaintiff, Maxberry role was to administratively assist the account executives. (Doc. #40-6, at 3). Nevertheless, the Court finds the actions by Bray's co-workers such as but limited to not preparing documents properly, not helping with revisions, being short with him, and complaining about him coming to work late, to not be actions of harassment for ADEA purposes. (Doc. #40-4, at 6). Accordingly, to the extent Bray attempts to make an argument that he was harassed by his fellow co-workers and this supports a claim of retaliation, the Court rejects this argument. There is no showing of a causal connection between the co-workers' behavior and Bray's termination.

Bray has not established a *prima face* case of retaliation pursuant to the ADEA. Therefore, the Court finds summary judgment is due to be granted in relation to Bray's retaliation claim pursuant to the ADEA.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion for Summary Judgment with Incorporated Memorandum of Law (Doc. #39) is **GRANTED**.

2. Defendants Motion to File Reply Brief in Opposition to Plaintiff's Response (Doc. #46) is **DENIED as moot**.

3. Based upon the Court's ruling in this Order in regard to the ADEA claim, the Parties are directed to brief the Court in writing no later than **Thursday,**

**January 23, 2014**, whether this matter brought pursuant to Chapter 760 of the

Florida Statutes and the Civil Rights Act of 1991 should remain.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of January, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies: All Parties of Record