UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN BRAY,

      Plaintiff,

v.                              Case No:   2:12-cv-282-FtM-38UAM

PAETEC COMMUNICATIONS, INC.
and WINDSTREAM
COMMUNICATIONS, INC.,

      Defendants.

_____/

**ORDER[1]**

    This matter comes before the Court on review of the docket. On May 21, 2012,

Plaintiff filed a two count complaint against Defendants for age discrimination and

retaliation. (Doc. #1). The Complaint broadly alleges Defendants discriminated and

retaliated against him pursuant to the Age Discrimination in Employment Act of 1967

(hereinafter "ADEA"), the Civil Rights Act of 1991, and Chapter 760 of the Florida

Statutes, and Florida common law. (Doc. #1). Defendants filed a motion for summary

judgment to the extent Plaintiff brought the age discrimination and retaliation claim

pursuant to the ADEA. (Doc. #39). The Court granted the motion. (Doc. #47). In addition,

the court, directed the Parties to brief whether the Complaint should remain with regard

to Chapter 760 of the Florida Statutes and the Civil Rights Act of 1991 in light of the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Court's Order granting summary judgment pursuant to the ADEA claim. The Parties were given a deadline of January 23, 2014 to comply with the Order.

On January 10, 2014, Defendants filed a response to the Court's order requesting to correct its motion for summary judgment. (Doc. #48). The response indicated Defendants intended to bring the motion for summary judgment pursuant to the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA") as well. Defendants further provided a written argument with appropriate case law contending that the summary judgment should be granted in relation to the FCRA claims. For example, Defendants rely on Carlson v. WPLG/TV-10, City of Hollywood v. Hogan, and Florida Dep't of Comm. Affairs v. Bryant to assert that courts analyze claims pursuant to the FCRA and the ADEA identically. Carlson v. WPLG/TV-10, 956 F.Supp. 994, 1005 (S.D. Fla. 1996) ("Both federal and state law hold that a prima facie case can be established under the Florida Civil Rights Act of 1992 ("FCRA") in the same manner as under the ADEA.") (citations omitted); City of Hollywood v. Hogan, 986 So.2d 634, 641 (Fla. 4th DCA 2008) ("The Florida Civil Rights Act of 1992 (FCRA) prohibits age discrimination in the workplace. See § 760.10(1)(a), Fla. Stat. (2007). It follows federal law, which prohibits age discrimination through the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 623. Federal case law interpreting Title VII and the ADEA applies to cases arising under the FCRA."); Florida Dep't of Com. Affairs v. Bryant, 586 So.2d 1205, 1209 (Fla. 1st DCA 1991). Having found that Plaintiff's ADEA and FCRA claims are based upon the same operative facts and governed by the same standard of proof, the Court finds summary judgment is due to be granted with relation to the FCRA claims based upon the same analysis under the ADEA. (See Doc. #47).

Defendants' response and request, however, did not address whether this case as it relates to the Civil Rights Act of 1991 should also be dismissed in light of the Court's analysis pursuant to the ADEA. In addition, although given the opportunity, Plaintiff did not respond to the Court's order. Although not given guidance by the Parties, the Court finds that Plaintiff brought this claim pursuant to the Civil Rights Act of 1991 to the extent that it amended the ADEA. That is, the Civil Rights Act of 1991 requires a plaintiff to file a complaint in court within the ninety days of receipt of the Notice of Right to Sue. Browning v. AT&T Paradyne Corp., 838 F.Supp. 1568, 1573 (M.D. Fla. 1993). Here, Plaintiff complied with filing the Complaint within 90 days of the Notice of Right to Sue. (See Doc. #1; Doc. #1-1). This portion of the Civil Rights Act of 1991 does not alter the Court's summary judgment analysis. Therefore, to the extent the Complaint was brought pursuant to the Civil Rights Act of 1991, the Court finds summary judgment is due to be granted.

Accordingly, it is now

**ORDERED:**

1. Defendants' Request to the Court to Correct Motion for Summary Judgment (Doc. #48) is **GRANTED**.

2. For the same reasons stated in the Court's previous Order, (Doc. #47), summary judgment is **GRANTED** with regard to all claims brought pursuant to the Age Discrimination and Employment Act of 1967, the Civil Rights Act of 1991, and Chapter 760 of the Florida Statutes, and Florida common law.

3. The Clerk is directed to enter judgment, deny all pending motions as moot, and **CLOSE** the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of January, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record